**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4888

JAMES RUFUS WOODS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, District Judge.
(CR-98-117)

Submitted: November 18, 1999

Decided: November 29, 1999

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

A. Wayne Harrison, Sr., HARRISON, NORTH, COOKE & LAN-
DRETH, Greensboro, North Carolina, for Appellant. Walter C. Hol-
ton, Jr., United States Attorney, Lisa B. Boggs, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Rufus Woods appeals his conviction for possession with intent to distribute crack in violation of 21 U.S.C.§ 841(a)(1) (1994). Woods was sentenced to a term of life imprisonment followed by ten years of supervised release. On appeal, Woods contends that the district court erred in declining to suppress evidence seized during a search incident to his arrest. Woods argues that the evidence should have been suppressed because probable cause did not exist to support his arrest. Based upon the materials before the court, we affirm.

Probable cause exists to support a warrantless arrest when "the facts and circumstances within the arresting officer's knowledge are sufficient for a reasonable person to believe that a crime has been or is being committed by the person to be arrested." United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991). In assessing the existence of probable cause, district courts examine the totality of the circumstances known to the officers at the time of the arrest. See Illinois v. Gates, 462 U.S. 213, 232 (1983). We review for clear error the court's factual determinations made at a suppression hearing, while the court's legal conclusions are reviewed de novo. See United States v. Han, 74 F.3d 537, 540 (4th Cir. 1996).

The testimony at the suppression hearing revealed the following facts as found by the district court. Law enforcement officers received information that Woods was dealing crack and that he had two prior drug convictions. An informant, who never gave false information, disclosed to the officers that Woods was his main supplier of crack and that it was his practice to meet Woods at various locations along North Carolina Highway 119 to purchase crack from him. The informant also told the officers that Woods drove many vehicles, one of which was a maroon or purple van. The officers were aware that Woods was a large African-American male and that he resided at a particular residence along Highway 119. In cooperation with the law enforcement officers, the informant called Woods at his residence and arranged a drug purchase on Highway 119 near Woods' home. The officers organized a road-block and other surveillance between

2

Woods' home and the place where the informant and Woods had arranged to meet.

Within minutes of being notified that the informant had contacted Woods and that Woods would be en route with three ounces of crack, law enforcement officers spotted a maroon van leaving Woods' driveway, being driven by an African-American male and traveling in the direction of the road-block. When the vehicle was in sight of the road-block and only a couple of miles from Woods' residence, it turned off the Highway into a private drive. The officers then stopped the vehicle and arrested Woods. Contemporaneous to Woods' arrest, officers seized three small packages of crack in a larger paper bag placed in between the two front sets.

We conclude that sufficient probable cause existed to support Woods' arrest and thus the district court did not err in denying Woods' motion to suppress evidence. Accordingly, we affirm Woods' conviction. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED